UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS,

Plaintiff,

v.

BOWMAN, CPM RON KNIGHT, L.
BELANGER, LT. D. FEDDERSON,
SGT. KIRK JESSEE, CUS GAINES,
RN2 CINDY LOIACONO, DR.
EDWARDS, JOHN DOES 1-2
(CORRECTIONS OFFICERS), and
JOHN DOES 1-2 (DOCTORS),

Defendants.

No. C12-5350 BHS/KLS

**REPORT AND RECOMMENDATION**
**NOTED FOR:  June 15, 2012**

    This civil rights action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff Hillary Walls is

presently confined at the Washington State Penitentiary in Walla Walla, Washington.  Under

separate Orders, Plaintiff has been granted leave to proceed *in forma pauperis* and the Court has

directed service of the Plaintiff's complaint.  At the time he filed his complaint, Plaintiff also

filed a Motion for Temporary Restraining Order.  ECF No. 7.  In this pleading, Plaintiff requests

that the Court issue declaratory and injunctive relief against the Defendants.  Defendants have

not yet been served in this matter and the Court has no jurisdiction over them.  The undersigned

recommends that the Plaintiff's motion be stricken from the Court's docket at this time.  The

Court does not reach the merits of Plaintiff's motion.

ORDER - 1

**DISCUSSION**

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

> 1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

> 2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

If a plaintiff seeks relief from the Court, he must set forth his requests in a pleading or motion and that he must serve copies of all pleadings and motions on all defendants through their counsel of record pursuant to Fed.R.Civ.P. 5(b)(1). Pursuant to Fed.R.Civ.P. 5(d), Plaintiff is also required to attach and file a certificate of service stating that he has served all defendants with the pleading and/or motion every time he files and serves a document. Unless otherwise ordered, all motions will be decided by without oral argument and parties are not to appear on the date the motion is noted unless directed. CR 7(b)(4).

Accordingly, the undersigned recommends that Plaintiff's motion (ECF No. 7) be **stricken from the Court's docket.** Plaintiff may file a motion for temporary restraining order and serve it on all Defendants after Defendants have been served with his complaint and have entered an appearance in this matter. Plaintiff should keep in mind that any issues raised in any such motion must be related to the issues raised in his complaint and he must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129

ORDER - 2

S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)).  If Plaintiff does re-file his motion, he must also file a certificate of service stating he has served all Defendants, through their counsel, with the motion.  The motion may be scheduled on the Court's calendar for the third Friday after filing and service of the motion.

## CONCLUSION

The undersigned recommends that the Plaintiff's motion for preliminary injunction (ECF No. 7) be **stricken** from the court's docket.  The Court does not reach the merits of the Plaintiff's motion.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 15, 2012**, as noted in the caption.

**DATED** this  24th  day of May, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3