UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS,

          Plaintiff,

    v.

BOWMAN, RON KNIGHT, L BELANGER, D FEDDERSON, KIRK JESSEE, JOHN DOES 1-2, JOHN DOES 1-2, GAINES, CINDY LOIACONO, EDWARDS,

          Defendants.

CASE NO. 12-5350 BHS/KLS

ORDER GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Defendants' Motion for More Definite Statement. ECF No. 17. Having reviewed the motion, Plaintiff's response (ECF No. 21), and Defendants' Reply (ECF No. 22), the Court finds that Defendants' motion (ECF No. 17) should be granted.

**BACKGROUND**

Plaintiff has filed a Complaint alleging a variety of constitutional violations. ECF No. 6. Among her[1] claims, Plaintiff raises claims of excessive force, denial of procedural due process, denial of medical care, violations of the Eighth Amendment for retaliation, sexual harassment, and discrimination based on gender. *Id*. at p.1. Plaintiff has named Bowman, CPM Ron Knight, L. Belanger, Lt D. Fedderson, Sgt Kirk Jessee, John Does 1-2, and additional John Does 1-2 as

---

[1] Plaintiff is transgender and uses the female pronoun to describe herself. She is, however, housed in a male prison. The Court will, therefore, use the female pronoun as that form has also been adopted by the Defendants.

defendants. *Id*. Plaintiff's claims are based on treatment she allegedly received when incarcerated at the Washington State Penitentiary. *Id*. Plaintiff seeks damages in addition to declaratory and injunctive relief. *Id*. at p. 1.

## DISCUSSION

Fed. R. Civ. P. 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). If a pleading is so vague or ambiguous that a defendant "cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Defendants are required to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

Defendants have pointed out several defects in Plaintiff's complaint and the Court concludes that the complaint is too ambiguous and confusing to allow Defendants to frame a responsive pleading. Plaintiff names nine defendants (four of which are two sets of John Does 1-2), but the complaint fails to specify what claims are being brought against which defendant. See ECF No. 6. The body of Plaintiff's complaint only specifically names Defendant Gaines, Jessee, and Fedderson. *Id*. However, much of the complaint is a recitation of facts which cannot be verified by any of the Defendants. For example, on page two of the complaint, Plaintiff appears to recite an interaction which she had with medical staff but Plaintiff fails to identify who the medical personnel are. *Id*. at p.2. Plaintiff also details an alleged beating she suffered at the hands of "officers," whom she fails to name. *Id*. at p. 4.

Pages five through nine of Plaintiff''s complaint is further deficient because the allegations fail to particularize defendants beyond general references to "defendants" and often times fails to specify particular events or dates. *Id*. at p. 5-9.  For example, paragraph 23 states "defendants took her walking cane;" paragraph 26 claims "the officers would read my grievances in front of my cell and rip them up;" paragraph 31 alleges "medical unit won't treat the plaintiffs injuries…;" and so on. *Id*. at p. 5-6.  Despite an omission in the numerous claims Plaintiff outlines in the introductory section, Plaintiff also appears to raise an access to court violation: "defendants won't allow her access to law lib [sic.] to work on her too [sic.] pending cases." *Id*. at p. 6.

Plaintiff's complaint does not conform to the traditional pleading style of a short and plain statement and does not provide defendants with notice of "what legal claims are asserted against which defendants." *See McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).  Accordingly, the complaint should be amended to comply Fed. R. Civ. P. 8.  "Prolix and confusing complaints . . . impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use [the] complaint . . . and must prepare outlines to determine who is being sued for what." *Id*. at 1179.

Plaintiff has not provided the Defendants with proper notice of the claims asserted against them and thus does not afford them an opportunity to assert immunity defenses. Plaintiff's failure to specify Defendants or, many times, particular incidents, impedes their ability to frame a responsive pleading. Without this, Defendants cannot assert defenses, respond to allegations against themselves, and essentially permits Plaintiff to engage in a fishing expedition for alleged mistreatment at the hands of unnamed Defendants pertaining to unspecified times or incidents.

1     Accordingly, it is **ORDERED**:

2     (1)    Defendants' Motion for More Definite Statement (ECF No. 17) is **GRANTED;**

3     (2)    Plaintiff must provide clear and concise averments connecting particular

4 Defendants with discrete factual allegations and providing the legal theory supporting each claim

5 for relief as required by Fed. R. Civ. P. 8 **on or before August 24, 2012;** and

6     (3)    The Clerk of the Court is directed to send a copy of this Order to Plaintiff and to

7 counsel for Defendants.

9     **DATED** this 31st day of July, 2012.

Karen L. Strombom
United States Magistrate Judge